## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSIE KELLY,** | : | **CIVIL ACTION NO. 1:15-CV-00532** |
| | : | |
| **Petitioner** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN DONNA ZICKEFOOSE,** | : | |
| | : | |
| **Respondent** | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241 (Doc. 1), filed by Petitioner Jessie Kelly ("Kelly"), a Federal Bureau

of Prisons ("BOP") inmate incarcerated at the Allenwood United States

Penitentiary in White Deer, Pennsylvania.  Kelly challenges a conviction and

sentence imposed by the United States District Court for the Northern District of

Texas.  Id.  The petition has been given preliminary consideration and, for the

reasons discussed below, will be dismissed for lack of jurisdiction.  See Rules

Governing Section 2254 Cases, Rule 4.[1]

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, habeas corpus petitions must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Although the instant petition is governed by 28 U.S.C. § 2241, the Court may apply the 28 U.S.C. § 2254 rules "to a habeas corpus petition not covered by Rule 1(a)" of the § 2254 rules. See Rule 1(b) of the Rules Governing Section 2254 Cases.

## I.    Background

The factual background has been summarized by the United States District

Court for the Northern District of Texas as follows:

> Movant pleaded guilty, pursuant to a plea agreement, to
> possession of a firearm in furtherance of a drug
> trafficking crime, in violation of 18 U.S.C. § 924(c).  The
> United States Sentencing Guidelines recommended a
> sentence between 262 and 327 months imprisonment;
> however, the court took note of movant's extensive and
> violent criminal history, and determined that a sentence
> above the guideline range was necessary, and that
> movant have "a very lengthy sentence of imprisonment
> that would keep him out of society for a sufficient length
> of time to cause him no longer to have a desire to commit
> a crime." Sentencing Tr. at 14-19.  The court then
> sentenced movant to 420 months imprisonment.
> Movant's conviction and sentence were affirmed on
> appeal, United States v. Kelly, 455 F. App'x 511 (5th Cir.
> 2011), and certiorari review was denied, Kelly v. United
> States, --- U.S. ---, 132 S.Ct. 2114, 182 L.Ed.2d 878 (Apr. 30,
> 2012).  Movant timely filed his motion under § 2255 on
> March 18, 2013.

United States v. Kelly, 2013 WL 2479711, *1 (N.D. Tex. June 10, 2013).  In the

Section 2255 motion to vacate, set aside, or correct sentence, Kelly claimed that

counsel was ineffective for failing to argue on appeal that he was illegally convicted

for possession of a firearm in furtherance of drug trafficking, without being

convicted of the underlying offense of drug trafficking, and that 18 U.S.C. §

924(c)[2] violates the Tenth Amendment because it impermissibly interferes with the

sovereign interests of the State of Texas.  Id.  In considering the motion, the district

court concluded that Kelly's arguments lacked merit.  Id.  The district court

_____

[2] 18 U.S.C. § 924(c) governs the possession and use of firearms in connection
with illegal drug activities governed by federal law.

2

therefore denied the Section 2255 motion and denied Kelly a certificate of appealability.  Id.

Kelly subsequently filed a second motion pursuant to Section 2255, which the district court construed as a motion for reconsideration of the denial of his first Section 2255 motion.  See electronic docket, Kelly v. United States, No. 4:13-cv-00220-A, Docs. 10, 11 (N.D. Tex.).  The district court ultimately denied the motion for reconsideration.  Id. at Doc. 10.  Kelly thereafter filed a notice of appeal in the Fifth Circuit Court of Appeals seeking a reversal of the district court's denial of his motion for reconsideration.  Id. at Doc. 13.  On February 27, 2014, the Court of Appeals denied Kelly a certificate of appealability and dismissed his appeal.  Id. at Doc. 16.

On March 17, 2015, Kelly filed the instant petition for writ of habeas corpus. (Doc. 1).  He seeks relief via 28 U.S.C. § 2241 asserting that his classification as a career offender by the United States District Court for the Northern District of Texas violated his constitutional rights.  Id.  Specifically, Kelly asserts that because he was improperly classified as a career offender, the sentencing court lacked jurisdiction over his person, abused its discretion, violated his due process rights and, lastly, that he received ineffective assistance of counsel.  Id. at pp. 6-8.

## II.   Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(e).  Section 2255(e) provides that:

3

> An application for a writ of habeas corpus [pursuant to §
> 2241] in behalf of a prisoner who is authorized to apply for
> relief by motion pursuant to [§ 2255] shall not be
> entertained if it appears that the applicant has failed to
> apply for relief, by motion, to the court which sentenced
> him, or that such court has denied him relief, unless it
> also appears that the remedy by motion is inadequate or
> ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  To that end, the Court of Appeals for the Third Circuit has

observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means

by which federal prisoners can challenge their convictions or sentences that are

allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117,

120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)).  Section

2255(e) specifically prohibits federal courts from entertaining a federal prisoner's

collateral challenge by an application for habeas corpus unless the court finds that a

Section 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing

In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).  This safety valve language in

Section 2255(e) has been strictly construed.  See Application of Galante, 437 F.2d

1164, 1165-66 (3d Cir. 1971) (concluding that unfavorable legal standards in circuit

where sentencing court was located do not render Section 2255 remedy inadequate

or ineffective); Millan-Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971) (concluding that

doubts about the administration of a Section 2255 motion in particular do not make

the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212

F.2d 681, 684 (3d Cir. 1954) (holding that even if the sentencing court incorrectly

disposes of a proper motion under Section 2255, the appropriate remedy is an

appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief.  Dorsainvil, 119 F.3d at 251.  Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court.  See, e.g., Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief.  Dorsainvil, 119 F.3d at 251-52 (recognizing that the exception could apply where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted).

In seeking to overcome these Section 2241 barriers, Kelly contends that he has previously filed a Section 2255 motion with the Northern District of Texas district court and the remedy has been inadequate or ineffective to test the legality of his detention due to the fact that the sentencing court used "unqualified prior convictions" to enhance his sentence as a career offender, and is unwilling to reconsider its sentence.  (Doc. 1, p. 5).  For relief, Kelly requests that this Court vacate his "career offender 4B1.1 sentencing and remand for resentencing without enhancement or upward departure."  Id. at pp. 8, 12.

Kelly's argument as to why the remedy available pursuant to Section 2255 is "inadequate or ineffective" to address his challenges to his federal sentence is

unavailing. Kelly does not assert that he is actually innocent of his underlying conviction. Instead, he contends that his sentence was improperly calculated based on the sentencing court's application of the career offender guidelines. The Third Circuit Court of Appeals has regularly held that the challenges of federal inmates attacking their sentence enhancement cannot be raised by means of a Section 2241 petition and a district court has no Section 2241 jurisdiction to reexamine or second guess the decision of the federal sentencing court. See, e.g., Mikell v. Recktenwald, 545 Fed. App'x 82 (3d Cir. 2013) (petitioner made no allegation that he was actually innocent of the drug crime for which he was convicted, he asserted only that he was innocent of being a career offender and his sentence was improper, thus the Dorsainvil exception was inapplicable and relief under Section 2241 was not available); Rhines v. Holt, 434 Fed. App'x 67 (3d Cir. 2011) (affirming dismissal of Section 2241 petition for lack of jurisdiction where petitioner argued that he was "actually innocent" of the sentencing enhancement applied to him); Sorrell v. Bledsoe, 437 Fed. App'x 94 (3d Cir. 2011) (the exception created in Dorsainvil does not apply where the claim is that the prisoner's sentence was improperly calculated based on his innocence of career offender status). Thus, Kelly's sentencing claim is not the type of claim that a federal prisoner may bring by way of a Section 2241 habeas petition.

As stated, in Dorsainvil, the Third Circuit held that Section 2241 relief is available where a subsequent statutory interpretation renders a petitioner's conduct of conviction no longer criminal. Dorsainvil, 119 F.3d at 251-52; see also Okereke, 307 F.3d at 120 (holding that relief under Section 2241 is only available in

"rare situations" where the crime of conviction is later deemed non-criminal). Section 2241 is not available for intervening changes in the law of sentencing. Id. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy. See Okereke, 307 F.3d at 120. Here, Kelly does not allege that the crime for which he was convicted has been rendered non-criminal. Rather, Kelly contends that his sentence was improperly enhanced based on his career offender status. (Doc. 1, pp. 3, 25-27). Accordingly, the limited Dorsainvil exception is inapplicable, and Section 2241 relief is not available. See Okereke, 307 F.3d at 120 (distinguishing Dorsainvil and dismissing habeas petition for lack of jurisdiction when subsequent statutory interpretation altered an element of sentencing but not the petitioner's conviction).

Moreover, to the extent that Kelly argues that he is entitled to resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005), this argument is likewise unavailing.[3] (Doc. 1, pp. 18, 28). Booker evolved from the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), wherein the Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Booker, 530 U.S. at 490. In Booker, the Supreme Court determined that the mandatory enhancement of a sentence under

---

[3] Although Kelly sets forth no specific arguments pursuant to United States v. Booker, he cites Booker in the memorandum accompanying his petition. See (Doc. 1, pp. 18, 28). Out of an abundance of caution, the Court will consider the potential application of Booker to the instant habeas petition.

the Guidelines, based on facts not found by a jury, violates the Sixth Amendment. <u>Booker</u>, 543 U.S. 220.  However, the Third Circuit has repeatedly and uniformly held that habeas claims based on <u>Apprendi</u> and <u>Booker</u> do not present the "rare" cases in which a Section 2255 motion is inadequate or ineffective because <u>Apprendi</u> and <u>Booker</u> did not decriminalize any conduct, but dealt only with sentencing procedure.  <u>See</u>, <u>e.g.</u>, <u>Day v. Samuels</u>, 263 Fed. App'x 246, 247-48 (3d Cir. 2008); <u>Schweitzer v. United States</u>, 215 Fed. App'x 120, 122 (3d Cir. 2007); <u>Hazard v. Samuels</u>, 206 Fed. App'x 234, 236 (3d Cir. 2006).

Thus, Section 2255 is not an inadequate or ineffective mechanism for Kelly to raise a <u>Booker</u> claim.  <u>See</u> <u>United States v. Padilla</u>, 190 Fed. App'x 119, *1 ("claims under … <u>Booker</u> are not sufficiently distinguishable from a claim under <u>Apprendi</u> to meet the <u>In re Dorsainvil</u> exception and permit [petitioner] to seek relief under § 2241"); <u>Johnson v. Williamson</u>, 2008 WL 591236, *3 (M.D. Pa. 2008) ("habeas claims based on <u>Booker</u> do not present the 'rare' case in which a § 2255 motion is inadequate or ineffective...") (citations omitted).

Kelly has failed to show that Section 2255 is inadequate or ineffective to challenge his sentence, and his petition pursuant to Section 2241 is subject to dismissal for lack of jurisdiction.

III.    **Conclusion**

Based on the foregoing, the petition (Doc. 1) for writ of habeas corpus

pursuant to 28 U.S.C. § 2241 filed by petitioner Jessie Kelly will be dismissed for

lack of jurisdiction.  An appropriate Order follows.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania


Dated:        May 4, 2015